# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

|  |  |
|---|---|
| In re: | |
| STEVEN P. MOORE and<br>LISA A. MOORE, | Case No. 08-14205-RGM<br>(Chapter 7) |
| Debtors. | |

## MEMORANDUM OPINION

THIS CASE is before the court on the debtors' motion to reaffirm an obligation with American Honda Finance Corporation. The debtors are represented by counsel who pursuant to 11 U.S.C. §524(c)(3) properly completed Part C of the reaffirmation agreement. He did not check the appropriate box on the top of page 1 indicating whether a presumption of undue hardship exists. *See* Official Form 240A. Counsel should check one of the boxes indicating that a presumption of undue hardship exists or that no presumption of undue hardship exists.

Part D is not properly completed. Part D reflects sufficient income to make the payments agreed in the reaffirmation agreement. However, Part D differs from the information provided on Schedules I and J. Interim Bankruptcy Rule 4008 requires an explanation for the differences. There is no such explanation. Consequently, the reaffirmation agreement is not ripe for the court's review.

Section 524(c) of the Bankruptcy Code provides that a reaffirmation agreement is enforceable only if all of the subsections of 524(c) are satisfied. In this case, the proper completion of Part D, "Debtor's Statement in Support of Reaffirmation Agreement" is required by 11 U.S.C. §524(k)(6)(A) and a statement as to the differences between Part D and Schedules I and J is required by Interim Rule 4008. Since Interim Rule 4008 has not been complied with, the reaffirmation

agreement is not effective.  Counsel may resubmit the reaffirmation agreement when it is properly

completed and ready for the court's review.

DONE at Alexandria, Virginia, this 22nd day of September, 2008.

/s/ Robert G. Mayer
Robert G. Mayer
United States Bankruptcy Judge

Copy electronically to:

Randall J. Borden
Richard A. Bartl

14598